No. 16,821.

HARVEY *v.* THORPE.
(253 P. [2d] 1062)

Decided February 16, 1953.

Mr. H. BERMAN, for plaintiff in error.

Messrs. McNICHOLS, DUNN & NEVANS, for defendant in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

Here involved is an automobile collision at a street intersection in Denver. Judgment was entered below on verdict in favor of plaintiff—who was the driver of the car on the left—in the sum of $2400.00.

■ Plaintiff in error seeks reversal first, on the ground that plaintiff was negligent in failing to yield the right of way to the driver on the right, pursuant to the right-of-way ordinance. There was credible testimony by a disinterested observer, as well as by plaintiff and his wife, that plaintiff, driving north, approached and passed through the intersection at a speed of approximately fifteen miles per hour, and that he had passed entirely through the traveled intersection when his car was struck on the rear right side by defendant's car, which was being driven through the intersection at "a terrific speed * * * at thirty-five or forty miles an hour." There were no curbings, gutters or sidewalks at the street intersection, and only a shallow rounded ditch between the traveled street and what would be the parking. There was testimony that the skid marks of defendant's car were visible on the extreme north curb line of the street intersected and that his car "turned part way around and slid sidewise." It was daylight and there was a light snow on the street.

In such situation, the question of negligence and of whether defendant had lost his right of way under the provision of the city ordinance that a driver "reckless driving, shall have no right of way whatever," was properly left to the jury, and there is substantial evidence to support its verdict.

■ It is urged further that there was error in denying defendant's motion for a mistrial based on mention of liability insurance in the presence of the jury. Since, in fact, no such motion was made, we need not consider

whether its denial, if made, would constitute reversible error under the existing circumstances.

■ Again, it is insisted that there was misconduct of the jury in returning a "quotient verdict." This was based on the unsworn written statements of two jurors, obtained by an adjuster for defendant's liability carrier. One juror stated in substance that, each juror decided on an amount and wrote it down and that these amounts were added and divided by six, the number of jurors. The other stated that, "We decided that the fair amount of damages would be $2,400.00. Mr. Fickel thought of a real good way of reaching a fair amount. We each wrote down a figure on a piece of paper and then we divided by six. The result was $2,400.00. Mr. Fickel said he guessed that would be about what it would be. He was right." We need not determine whether the court should have sustained plaintiff's motion to strike these statements, on the ground that unsworn statements by jurors to third persons are not admissible to impeach a verdict. The statements, even if available to defendant, are not sufficient for impeachment. "Our appellate courts consistently have held that where there is no antecedent agreement by the jury to be bound by the resulting quotient, or, independently, it adopts an amount equal to the quotient after it is ascertained, the verdict is good." *Edwards v. Quackenbush,* 112 Colo. 337, 149 P. (2d) 809.

■ Finally it is urged that the verdict is excessive. There was testimony of financial loss, including the estimated expense and loss of time incident to a recommended operation, in excess of $2,000.00, exclusive of hospital fees, and exclusive of the pain, suffering and minor disabilities, which continued to the time of trial. We cannot say that the verdict was excessive.

The judgment is affirmed.

MR. JUSTICE KNAUSS not participating.